UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN B. SIMMONS,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

ORDER

Civil No. 08-6040-HU

HAGGERTY, District Judge:

    Magistrate Judge Hubel referred to this court a Findings and Recommendation [21] in this matter. The Findings and Recommendation recommends remanding this matter for further consideration of medical evidence. This court has performed a *de novo* review, evaluated the Findings and Recommendation, both sets of objections, and the entire record. For the reasons provided, this court adopts the Findings and Recommendation.

1 - ORDER

## DISCUSSION

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Findings and Recommendation concluded that the ALJ's failure to consider the medical testimony of John Wilson, M..D., was clear legal error. In its Objections, defendant argues that any failure to discuss Dr. Wilson's opinion is harmless because his opinion was neither probative nor significant. Plaintiff has also filed Objections, arguing that this court should remand for benefits because the medical opinions of Michael Villanueva, Psy.D., and Teresa Dobles, Psy.D., establish disability.

1. **Medical Testimony of Dr. Wilson**

In a letter dated January 28, 2003, Dr. Wilson estimated that plaintiff could sit eight hours a day, stand or walk intermittently two or three hours a day, and lift or carry five pounds intermittently one to two hours a day. Transcript of Record (hereinafter Tr.) at 219. Because the ALJ did not discuss Dr. Wilson's disability assessment in her written decision,[1] the Findings and Recommendation concluded that this matter should be "remanded for further proceedings so that the Commissioner can determine whether Ms. Simmons retains the [residual functional capacity] to perform sedentary work." Findings and Recommendation at 38.

In *Vincent v. Heckler*, the Ninth Circuit observed that the Commissioner "must explain why 'significant probative evidence has been rejected'" but "need not discuss all evidence

---

[1] Defendant points out that the ALJ made two references to Dr. Wilson's treatment notes in her written decision. Tr. 19, 20. In addition, the ALJ stated that her decision was made "[a]fter careful consideration of all the evidence." Tr. 17. This court does not agree with defendant that such scant evidence establishes that the ALJ considered Dr. Wilson's opinion.

2 - ORDER

presented to her." 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981). Citing *Vincent*, defendant contends that the ALJ's failure to discuss Dr. Wilson's opinion is harmless error. In his January 2003 letter, Dr. Wilson admitted that his opinion was not based on objective measurements but on "observing [plaintiff's] activity in the exam room and guesswork." Tr. 219. In addition, Dr. Wilson's January 2003 assessment is controverted by the opinions of several other doctors. Defendant argues in its Objections that the "ALJ is allowed to ignore [a controverted medical opinion] if it is not probative or significant." Def.'s Objections at 5.

This court does not agree that the ALJ was entitled to ignore Dr. Wilson's opinion. The Ninth Circuit has repeatedly emphasized the "bedrock principle of administrative law" that a "reviewing court can evaluate an agency's decision only on the grounds articulated by the agency." *Ceguerra v. Sec'y of Health and Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss."). Where the opinion of the claimant's treating physician is contradicted by another physician, the ALJ must provide "specific, legitimate reasons" for rejecting the treating source based on "substantial evidence" in the record. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

Lack of objective support for a doctor's opinion constitutes a specific, legitimate reason for rejecting it. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that the ALJ properly rejected the opinion of a physician who "relied only on [plaintiff's] subjective complaints and on testing within [plaintiff's] control"). In this case, however, the ALJ never addressed the opinion of Dr. Wilson and did not provide any reasons for rejecting it. Although defendant argues that Dr. Wilson's opinion should be rejected because it is based on

3 - ORDER

"guesswork," this court refuses to affirm the ALJ's decision based on evidence that the ALJ did not discuss. Upon remand, the ALJ will have the opportunity to either reject Dr. Wilson's evaluation with specific, legitimate reasons, or incorporate his opinion into plaintiff's residual functional capacity.

### 2.     Medical Testimony of Dr. Villanueva and Dr. Dobles

Plaintiff contends that remanding for further consideration is unnecessary because the medical opinions of Dr. Villanueva and Dr. Dobles establish disability.

Plaintiff filed a previous application for benefits, which was denied initially and upon reconsideration on December 2, 2002. Plaintiff did not seek further review of that decision. Administrative finality applies to the issue of disability through that date. 20 C.F.R. §§ 404.921, 416.1421. Thus, the relevant period under review begins December 3, 2002. Doctor Villanueva, however, evaluated plaintiff on October 22, 2002. Because this evaluation occurred outside the period under review by the Commissioner, the ALJ was not required to discuss it. Indeed, an ALJ can accidentally reopen a prior adjudication by considering evidence of disability from an already-adjudicated period. *See Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). Because Dr. Villanueva examined plaintiff in October 2002, this court concludes that his opinion is irrelevant to the period under review and did not warrant discussion.

Plaintiff also claims that a finding of disability is supported by an evaluation performed by Dr. Dobles. This evaluation was performed two months after the ALJ issued the unfavorable decision, and was submitted directly to the Appeals Council. In reviewing the ALJ's determination, "[t]he Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Here, the Appeals Council concluded that

4 - ORDER

the new information did "not provide a basis for changing the Administrative Law Judge's decision." Tr. 9. Plaintiff, however, argues that this court "should order the Commissioner to pay benefits as Dobles' comprehensive evaluation and opinions clearly establish disability." Pl.'s Resp. to Def.'s Objections at 2.

A district court cannot award benefits on the basis of evidence not submitted to the ALJ. "While we properly may consider the additional evidence presented to the Appeals Council in determining whether the Commissioner's denial of benefits is supported by substantial evidence, it is another matter to hold on the basis of evidence that the ALJ has had no opportunity to evaluate that [plaintiff] is entitled to benefits as a matter of law." *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000). Although this court does not have the authority to award benefits, it has already decided to remand this matter for further consideration of Dr. Wilson's opinion. Upon remand, the ALJ is also ordered to consider any new evidence presented to the Appeals Council.

## CONCLUSION

The court adopts the Findings and Recommendation [21]. For the reasons set forth above and in the accompanying Findings and Recommendation, the decision of the Commissioner must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS.

IT IS SO ORDERED.

DATED this 20 day of April, 2009.

_____
Ancer L. Haggerty
United States District Judge

5 - ORDER